IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL R. FAGAN,**

            **Petitioner,**

    v.                                    CASE NO. 13-3061-SAC

**EMMALEE CONOVER, et al.,**

            **Respondents.**

### O R D E R

This matter comes before the court on a petition for federal habeas corpus relief under 28 U.S.C. § 2254, filed pro se by a prisoner incarcerated in a Kansas Department of Corrections (KDOC) facility.

Petitioner asserts four grounds concerning the execution of his state sentence. He acknowledges that this is his second petition filed in federal court to advance similar claims, thus the petition is subject to being dismissed as an abuse of the writ. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005); 28 U.S.C. § 2244(b)(1). Petitioner further acknowledges that federal habeas relief may be barred by petitioner's procedural default in presenting his claims to the state courts. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

The court first observes that petitioner's challenge to the execution of his sentence is appropriate under 28 U.S.C. § 2241, not § 2254 as filed. *See Overturf v. Massie,* 385 F.3d 1276, 1278 (10th Cir.2004)(§ 2241 permits a prisoner to attack the execution of his sentence as it affects the fact or duration his confinement). If construed as a § 2241 petition, the gatekeeping provision imposed by

the Antiterrorism and Effective Death Penalty Act requiring a circuit court's prior authorization to pursue a second or successive § 2254 petition, 28 U.S.C. § 2244(b)(3), does not apply. *See Stanko v. Davis*, 617 F.3d 1262, 1269 n.5 (10th Cir.2010)("requirement for prior circuit authorization contained in § 2244(b)(3) does not apply to habeas petitions brought under § 2241").

It is well established, however, that to obtain review of a claim barred by abuse of the writ doctrine or procedural default, the petitioner "must establish cause for his failure to raise the claim in an earlier proceeding and resulting prejudice, or, in the absence of cause, the petitioner must show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *Id*. at 1271 (citation and internal quotation marks omitted). *See Coleman* 501 U.S. at 750 (stating "cause and prejudice" and "fundamental miscarriage of justice" exceptions to procedural default doctrine).

To avoid dismissal of the petition as abusive or as procedurally barred, petitioner attempts to satisfy the "fundamental miscarriage of justice" exception. He contends the court can consider his sentencing claims because he is "actually innocent of the excessive sentences that are imposed on him by KDOC prison officials." (Doc. 1.) This contention clearly lacks merit because a defendant "cannot be actually innocent" of a noncapital sentence." *Reid v. Oklahoma*, 101 F.3d 628, 630 (10th Cir.1996).

The court thus concludes the petition should be dismissed without prejudice because federal review of the § 2241 petition is barred by abuse of the writ and procedural default doctrines.

IT IS THEREFORE ORDERED that the petition is construed as seeking habeas corpus relief under 28 U.S.C. § 2241, and is dismissed without

prejudice.

**IT IS SO ORDERED.**

DATED:  This 17th day of May 2013 at Topeka, Kansas.


              s/ Sam A. Crow
            SAM A. CROW
            U.S. Senior District Judge